ARLENE GROTH, Plaintiff, v. CITY OF NEW YORK, Defendant.

Supreme Court, Special Term, Kings County, December 29, 1944.

*Harold A. Taft* for plaintiff.

*Ignatius M. Wilkinson, Corporation Counsel (Arthur R. Callahan* of counsel), for defendant.

*Hayt & Hayt* for St. Mary's Hospital, lienor.

FENNELLY, J. This is a motion to cancel and discharge an alleged hospital lien in the sum of $85.50. This lien was filed about two months after the discharge of the patient from St. Mary's Hospital of Brooklyn. About three years after its filing, judgment was obtained against the defendant the City of New York. The hospital has clearly complied with the provisions of the statute regarding the filing of the first lien under section 189 of the Lien Law, and unless it had, the lien according to the terms of the statute, would not be effective. No additional lien was filed by the hospital, although there is a provision in the

last sentence of subdivision 1 of section 189 of the Lien Law, that provides that any hospital claiming a lien hereunder shall in addition to the first lien, file within five days after the discharge of the injured person, an additional notice of lien showing the total hospital charges.and providing that no lien shall exceed that amount. No attempt is made to establish a lien for anything other than the first amount claimed. Under these circumstances to declare this lien invalid, would not be construing the statute liberally to secure its beneficial purposes. Nobody's rights have been injured by the failure of the hospital to comply with the directive provision of section 189 of the Lien Law calling for the filing of an additional lien. The motion to cancel and discharge the lien is denied. The order may be settled on two days' notice, or counsel may agree upon a form of order that will not prevent the paying over of the amount in excess of the lien.