509 So.2d 1232 (1987)
PUBLIC HEALTH TRUST OF DADE COUNTY, d/b/a Jackson Memorial Hospital, Appellant,
v.
Teresa CARROLL, Nationwide Mutual Insurance Company and American Risk Assurance Company, Appellees.
No. 4-86-1468.
District Court of Appeal of Florida, Fourth District.
July 8, 1987.
Robert A. Ginsburg, Dade Co. Atty., and Robert L. Blake, Asst. Co. Atty., Miami, for appellant.
James A. Bonfiglio, Palm Beach, for appellee-Carroll.
WALDEN, Judge.
This appeal requires a determination of the validity of a hospital lien.
Teresa Carroll was injured in an automobile accident. Her injuries were treated at Jackson Memorial Hospital. She ran up a substantial bill.
The Dade County Hospital Lien Ordinance provides that, "In order to perfect such lien, the executive officer or agent of a hospital, before, or within ten (10) days after, any such person shall have been discharged from such hospital, shall file in the office of the clerk of the circuit court of the county in which such hospital shall be located, a verified claim in writing...."
The hospital filed such a lien and listed a certain insurer as being responsible for the hospital bill. It was tardy. Ms. Carroll was discharged on July 18, 1985. The lien was filed on September 9, 1985. There was an interval of more than ten (10) days.
The trial court, because of the hospital's tardiness, held that the lien was not perfected and it was of no force and effect. *1233 We disagree and do, therefore, reverse and remand.
We note that the sole basis for the challenge to the validity of the lien by Ms. Carroll is the fact that it was not filed within ten (10) days of the patient's discharge. There is no allegation or showing that the hospitalization was occasioned by anything but a traumatic incident; that Jackson did not render medical services for the injuries sustained; that Jackson's bill was incorrect or that it had been paid; or that anyone had been prejudiced by the late filing.
At the outset and generally, we feel that the proper posture as concerns hospital liens is expressed in 25 A.L.R. 3rd 874, Section 5(b):
Statutes giving hospitals a lien against a patient's recovery from a tortfeasor causing the patient's injuries for which the hospital has rendered its services contain various requirements with respect to the time for filing liens and various notices of lien, but it has generally been held or recognized that such requirements should not be technically applied so as to defeat just hospital claims, and that such statutes are to be liberally construed in this respect.
Thus, a hospital which had complied with a statutory requirement of filing its lien but failed to file an additional lien provided for in the statute within 5 days of the discharge of the injured person was held to have a valid lien, in Groth v New York (1944) 183 Misc 1026, 54 NYS2d 534, app dismd (App Div) 75 NYS2d 523. Recognizing that the statute should be liberally construed to secure its beneficial purposes, the court pointed out that no attempt had been made by the hospital to establish a lien for anything other than the first amount claimed under the initial filing, and that nobody's rights had been injured by the failure of the hospital to comply with the directive provision of the lien law calling for the filing of an additional lien showing the total hospital charges.
Jackson first asserts that Ms. Carroll lacks standing to challenge the validity of Jackson's lien. It is true that the ordinance requires that copies of the lien be sent to the persons, firms or corporations claimed by the patient to be liable for the patient's injuries, but copies are not required to be sent to the patient or to his or her legal representative. We further agree that the ordinance furnishes the rationale for recording the lien, "The filing of such claim shall be `notice' thereof to all persons, firms or corporations who may be liable on account of such illness or injuries whether or not they are named in such claim or lien, and whether or not a copy of such claim shall have been received by them." Chapter 25C-4, Code of Metropolitan Dade County. This is bulwarked by Palm Springs General Hospital Inc., of Hialeah v. State Farm Mutual Automobile Insurance Co., 218 So.2d 793, 797-798 (Fla. 3d DCA 1969), affd., 232 So.2d 737 (Fla. 1970):
The logical interpretation of the legislative intent as to Ch. 27032 is to assure a hospital of its rights to proceeds which are held by an insurance company whose insured is liable for the injuries suffered by the hospital's patient. No lien is necessary against the injured patient as the usual channels of legal recourse are available against a solvent patient indebted to the hospital for services. [emphasis supplied]
Regardless, we agree with Jackson in part and disagree in part. While the question is not before us, we think that the ordinance preferably should have provided that the patient be furnished a copy of the lien. We say that because the patient has an interest in any insurance proceeds that may be due and payable as a consequence of an accident. Thus, we think, for example, that the patient has standing for contesting the amount of the lien and whether the services were in fact rendered.
However, we agree that the patient has no standing to claim that the lien is void because it was not timely recorded. That *1234 would be tantamount, as Jackson suggests, to a mortgagor claiming that a mortgagee is precluded from foreclosure proceedings because the mortgage was unrecorded. After all, Ms. Carroll had actual knowledge of the accident and of the hospital services rendered. The timely recording has no bearing upon her obligation to the hospital. As said in Hensel v. Aurilio, 417 So.2d 1035, 1037 (Fla. 4th DCA 1982):
Recording has no particular efficacy as between seller and purchaser or grantee and grantor since the purpose of recording statutes is to give notice to third persons of the status of title and related factors. Moyer v. Clark, 72 So.2d 905 (Fla. 1954); Fong v. Batton, 214 So.2d 649 (Fla. 3d DCA 1968).
In sum, Ms. Carroll had no standing to contest the lien because it was not timely filed.
We next observe that a hospital lien attaches the moment an injured person is admitted as a patient. State Farm Mutual Automobile Insurance Co. v. Palm Springs General Hospital, Inc., 232 So.2d 737, 738 (Fla. 1970); Dade County v. Pavon, 266 So.2d 94, 96 (Fla. 3d DCA 1972). Thus, a tardy filing does not invalidate the hospital lien, but only results in the lienor or creditor being an unsecured creditor, at least until such time as the lien is filed. Palm Springs General Hospital. See also, In re: Bushmann, 4 U.C.C. Rep. 260 (Ref.E.D.Wis. 1967). And so, only another creditor, who may have been somehow prejudiced by the late filing, has standing to challenge the lien based on its late filing.
Finally, the trial court in voiding the lien made an analogy to a hospital lien and a warehouse lien. There is no analogy. A warehouseman does not record his lien because such lien is perfected by virtue of his possession of the warehoused goods. Moreover, different from the hospital lien, the warehouseman enforces his lien by selling those goods in his possession and there is no time limit as concerns its enforcement. Perhaps the closest analogy would be to a mechanics lien. However, a mechanics lien is patently distinguishable because § 713.06(2)(a) specifically states, "the failure to serve the notice, or to timely serve it, shall be a complete defense to enforcement of a lien by any person." [emphasis supplied]
Upon full review, we are satisfied that the judgment on appeal is erroneous.
REVERSED AND REMANDED for further proceedings consistent herewith.
HERSEY, C.J., and LETTS, J., concur.