This is an appeal from a summary judgment in favor of Carraway Methodist Medical Center (hereinafter "Carraway"). The case began as an interpleader action when Liberty National Life Insurance Company (hereinafter "Liberty National") interpleaded the proceeds of three hospital accident policies and asked the court to decide to whom the proceeds belonged. Having surrendered the amount of the policies to the court, Liberty National was discharged. After realigning the parties, the trial court granted Carraway's motion for summary judgment. The plaintiffs appeal. We affirm.
Rhonda Guin was accidentally shot in the chest and received treatment at Carraway from July 22, 1989, through September 1, 1989. Carraway's charges for Guin's treatment totalled $107,559.50. At the time of her injury, Guin was insured by Liberty National under three hospital accident policies providing a total of $25,445 in benefits. Guin's husband, as agent for his wife Rhonda, assigned to Carraway the benefits under the policies.
On September 29, 1989, Guin's husband submitted to Liberty National a claim for the policy proceeds. Faced with claims from both Guin and Carraway, Liberty National filed this interpleader action on December 28, 1989, asking the court to determine which party was entitled to the proceeds.
On February 2, 1990, Carraway filed a cross-claim against Guin for the total amount owed on her hospital bill. On February 9, 1990, Carraway also filed a hospital lien for the total amount owed by Guin. Carraway claims the proceeds under the assignment and pursuant to Alabama Code 1975, § 22-21-7(g).
Guin and her father, Elijah Thomas (plaintiffs), claim they are entitled to the proceeds because, they say, the assignment by Guin's husband, who had no interest in the policies, was not effective. Thomas claims that he paid the policy premiums; therefore, he says, he is the owner of the policies. Guin was the named insured on the policies. The plaintiffs also allege that Carraway's hospital lien was not perfected within the statutory period; therefore, they say, Carraway should not be entitled to the proceeds.
The trial court entered a summary judgment, holding that Carraway was entitled to the proceeds under its hospital lien, pursuant to Alabama Code 1975, § 85-11-370, *Page 1319 
The plaintiffs appeal, arguing (1) that Carraway failed to comply with the requirements for perfecting a lien stated in Alabama Code 1975, § 35-11-370, and (2) that the assignment of the policy proceeds is unenforceable.
We must determine whether the trial court erred in entering the summary judgment for Carraway. Rule 56, A.R.Civ.P., provides a two-part test for determining whether to enter a summary judgment. The trial court must determine (1) that there is no genuine issue of material fact and (2) that the moving party is entitled to a judgment as a matter of law. On appeal from a summary judgment, the reviewing court must view the evidence before the court on the motion for summary judgment in the light most favorable to the non-movant. See Turner v.Systems Fuel, Inc., 475 So.2d 539, 541 (Ala. 1985); Ryan v.Charles Townsend Ford, Inc., 409 So.2d 784 (Ala. 1981).
In this case, the parties do not dispute the facts. The issue is a question of law as to the ownership of the policy proceeds. The trial court based its summary judgment on §35-11-370, which states:
 "Any person, firm, hospital authority or corporation operating a hospital in this state shall have a lien for all reasonable charges for hospital care, treatment and maintenance of an injured person who entered such hospital within one week after receiving such injuries, upon any and all actions, claims, counterclaims and demands accruing to the person to whom such care, treatment or maintenance was furnished, or accruing to the legal representatives of such person, and upon all judgments, settlements and settlement agreements entered into by virtue thereof on account of injuries giving rise to such actions, claims, counterclaims, demands, judgments, settlements or settlement agreements and which necessitated such hospital care, subject, however, to any attorney's lien."
As asserted by Carraway and determined by the trial court, this section was intended to give hospitals and other health care providers an automatic lien for the reasonable value of their services provided.
The plaintiffs argue that Carraway's lien was not filed within the 10-day period set out in § 35-11-371 and therefore is invalid. We disagree. According to § 35-11-370, Carraway was granted an automatic lien, because Guin was admitted to Carraway within one week of the date she was shot. The plaintiffs' argument concentrates on the issue of perfection. The date Carraway's lien was perfected would be relevant in this case if there were other creditors claiming the policy proceeds. The date Carraway perfected its lien would determine who had priority in claiming the policy proceeds. In this case, the only parties claiming the proceeds are the plaintiffs and Carraway; therefore, the date Carraway's lien was filed, or "perfected," does not affect the lien. The delay in filing left Carraway an unsecured creditor from the date of Guin's admission until the date of filing.
Many other states have statutes giving hospitals liens for the reasonable value of services rendered. "[I]t has generally been held or recognized that such requirements should not be technically applied so as to defeat just hospital claims, and that such statutes are to be liberally construed in this respect." Annot., 25 A.L.R.3d 874, § 5(b) (1969).
Public Health Trust of Dade County v. Carroll, 509 So.2d 1232
(Fla.Dist.Ct.App. 1987), demonstrates how a Florida court interpreted a hospital lien statute similar to ours.[1] The Florida statute states:
 "In order to perfect such lien, the executive officer or agent of a hospital, before, or within ten (10) days after, any such person shall have been discharged from such hospital, shall file in the office of the clerk of the circuit court of the county in which such hospital shall be located, a verified claim in writing. . . ."
In this case, the court held that the tardiness of the hospital's filing resulted only in the hospital's being an unsecured creditor *Page 1320 
until the time when the filing occurred. Furthermore, the court noted that the patient had no standing to claim that the lien was invalid based upon the filing, because the purpose of the filing was to notify third parties, not the patient, of the claim.
The trial court did not address Carraway's assertion that under Alabama Code 1975, § 22-21-7(g), it is entitled to the proceeds. We understand § 22-21-7 to require hospitals to furnish an itemized statement of charges to the patient within a specified time. Section 22-21-7(g) states in pertinent part:
 "An addendum which prohibits insurance companies from paying to the patient any amounts due the hospital by the patient is acceptable. Any insurance company making a payment to the patient without positive validation from appropriate hospital officials shall be held liable for such payment to the hospital and shall be guilty of a misdemeanor."
By enacting § 22-21-7 and § 35-11-370, the legislature facilitates the payment of hospitals and health care providers for the services they render. Section 22-21-7 merely supports Carraway's entitlement, under the § 35-11-370 lien, to the proceeds.
Therefore, in accordance with § 35-11-370, the summary judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, HOUSTON and KENNEDY, JJ., concur.
[1] Many jurisdictions have hospital lien statutes similar to the one in Alabama. The following decisions have interpreted such similar statutes to provide an automatic lien: In re Nelson,92 B.R. 837 (Bankr.Minn.1988); Rolla Community Hosp. v. DunseithCommunity Nursing Home, Inc., 354 N.W.2d 643 (N.D. 1984).