CRAWLEY, Judge.
This case involves a hospital lien pursuant to Ala.Code 1975, § 35-11-370 et seq. Wayne Bruce and his wife Connie Bruce, residents of St. Clair County, were injured in an automobile accident caused by the fault of Glynn Carl Estes. Mr. Bruce was hospitalized at a facility operated by Carr-away Methodist Medical Center, Inc., from July 5, 1994, the date of the accident, to July 9, 1994; Mrs. Bruce was hospitalized at Carraway from July 5, 1994, to July 26, 1994. Mr. Bruce’s hospital bill totaled over $12,000, and Mrs. Bruce’s hospital bill totaled over $75,000. In August 1994, Carraway filed a hospital lien in the St. Clair Probate Court against the Bruces.
Estes was insured by Infinity Southern Insurance Company, Inc. In September 1994, Infinity settled with the Bruces for the policy limits of $40,000. In September 1995, Carraway sued Infinity and Estes, *460 alleging that they had impaired its hospital lien by settling the Bruces’ claim without Carraway’s knowledge or consent. The trial court entered a summary judgment for Infinity and Estes. Carraway appealed to the supreme court, which transferred the case to this court pursuant to Ala. Code 1975, § 12-2-7(6).
A motion for summary judgment is to be granted when no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. See West v. Founders Life Assurance Co. of Florida, 547 So.2d 870 (Ala.1989), and Bass v. South-Trust Bank of Baldwin County, 538 So.2d 794 (Ala.1989), for a discussion of the application of the substantial evidence rule.
A hospital lien is created by Ala. Code 1975, § 35-11-370, which provides:
“ Any person, firm, hospital authority or corporation operating a hospital in this state shall have a lien for all reasonable charges for hospital care, treatment and maintenance of an injured person who entered such hospital within one week after receiving such injuries, upon any and all actions, claims, counterclaims and demands accruing to the person to whom such care, treatment or maintenance was furnished, or accruing to the legal representatives of such person, and upon all judgments, settlements and settlement agreements entered into by virtue thereof on account of injuries giving rise to such actions, claims, counterclaims, demands, judgments, settlements or settlement agreements and which necessitated such hospital care, subject, however, to any attorney’s lien.”
Carraway argues that it has a valid hospital lien and that Infinity and Estes impaired it by entering a settlement without its knowledge or consent. Ala.Code 1975, § 35-11-372, states:
“ During the period of time allowed by section 35-11-371 for perfecting the lien provided for by this division and also after the lien provided for by this division has been perfected, as provided in this division, by any lienholder entitled thereto, no release or satisfaction of any action, claim, counterclaim, demand, judgment, settlement or settlement agreement, or of any of them, shall be valid or effectual as against such lien unless such lienholder shall join therein or execute a release of such lien.
“Any acceptance of a release or satisfaction of any such action, claim, counterclaim, demand or judgment and any settlement of any of the foregoing in the absence of a release or satisfaction of the lien referred to in this division shall prima facie constitute an impairment of such lien, and the lienholder shall be entitled to a civil action for damages on account of such impairment, and in such action may recover from the one accepting such release or satisfaction or making such settlement the reasonable cost of such hospital care, treatment and maintenance.”
(Emphasis added.) Infinity and Estes contend that their settling without Carra-way’s knowledge did not impair Carra-way’s lien because, they argue, Carraway did not have a valid lien because it did not comply with the filing requirements of § 35-11-371.
Section 35-ll-371(a) provides that the lien must be filed 10 days after the patient is discharged. Mr. Bruce was discharged on July 9, 1994, and Mrs. Bruce was discharged on July 26, 1994. In its complaint, Carraway stated that it filed the liens on August 24, 1994. After Infinity and Estes filed a motion for summary judgment, Carraway filed an amendment to the complaint, on June 17, 1996, stating that it had filed the liens on August 4, 1994. The amendment was not made with leave of court, as required by Rule 15(a), Ala.R.Civ.P. (Carraway filed the amendment less than two weeks before the case was set for trial); therefore, we will not consider the proposed amendment, and we consider Carraway’s lien to have been untimely filed.
*461 Our supreme court has addressed the effect of an untimely filing of a hospital lien as follows:
“ The plaintiffs argue that Carraway’s Men was not filed within the 10-day period set out in § 35-11-371 and therefore is invalid. We disagree. According to § 35-11-370, Carraway was granted an automatic lien, because Guin was admitted to Carraway within one week of the date she was shot. The plaintiffs argument concentrates on the issue of perfection. The date Carraway’s lien would be perfected would be relevant in this case if there were other creditors claiming the policy proceeds. The date Carraway perfected its lien would determine who had priority in claiming the policy proceeds. In this case, the only parties claiming the proceeds are the plaintiffs and Carraway; therefore, the date Carraway’s lien was filed, or ‘perfected,’ does not affect the lien. The delay in filing left Carraway an unsecured creditor from the date of Guin’s admission [to the hospital] until the date of fUing.”
Guin v. Carraway Methodist Medical Center, 583 So.2d 1317, 1319 (Ala.1991) (emphasis added). In this case, as in Guin, Carraway is the only creditor claiming the insurance recovery; therefore, its hospital lien is not invahd because of the untimely fifing.
Infinity and Estes further contend that Carraway did not notify them of the lien, as required by § 35-ll-371(a), which states, in pertinent part:
“In order to perfect such lien the operator of such hospital ... shall file in the office of the judge of probate of the county or counties in which such cause of action arose a verified statement setting forth ... to the best of [the hospital’s] kncnuledge, the names and addresses of all persons, firms, or corporations claimed by such injured person ... to be liable for damages arising from such injuries; [the hospital] shall also within one day after the fifing of such claim or lien, mail a copy thereof by registered or certified mail, postage prepaid, for each person, firm or corporation so claimed to be liable on account of such injuries, at the addresses so given in such statement. ...”
Carraway argues that it did comply with the notice requirements of the statutes and that its failure to notify Infinity and Estes does not make its lien invalid. We agree with Carraway.
Carraway was not required to notify Infinity, the insurer of Estes, the negligent party, because the Bruces did not have a direct claim against Infinity until it had a final judgment against Estes, the negligent party. Ala.Code 1975, § 27-23-2. Therefore, Infinity could not have been, at the time the lien was filed, one “claimed by [the Braces] ... to be liable for damages arising from such injuries.” Carraway was also not required to notify Estes, because the record reveals that Carraway had no knowledge or reason to know of Estes’s liability for the Bruces’ claims at the time it filed the lien. Furthermore, § 35-11-371 explicitly states:
“The fifing of such claim or lien shall be notice thereof to all persons, firms or corporations liable for such damages whether or not they are named in such claim or lien.”
Therefore, neither Carraway’s failure to name in the lien Infinity and Estes as liable parties nor Carraway’s failure to notify Infinity or Estes of the lien makes Carraway’s lien invalid.
Infinity and Estes next contend that Carraway’s lien is invalid because the Bruces were not fully compensated for their injuries from the $40,000 policy-limits settlement with Infinity. Infinity and Estes rely on Powell v. Blue Cross & Blue Shield of Alabama, 581 So.2d 772 (Ala.1990). In Powell, the supreme court held that an insurer’s right of subrogation does not arise until the insured has been fully compensated for the loss. Infinity and *462 Estes contend that because the settlement does not fully compensate the Bruces, then Carraway does not have a lien against the settlement proceeds. Carraway argues that the hospital hen statute does not create subrogation rights and that Powell is not applicable. We agree with Carraway.
Indiana has a hospital hen statute substantially similar to Alabama’s. Ind.Code § 32-8-26-1 et seq. The Indiana Court of Appeals held that its hospital hen statute does not create subrogation rights, and, therefore, that the hospital hen is vahd without regard to whether the patient has fully recovered for his injury. National Insurance Ass’n v. Parkview Memorial Hospital, 590 N.E.2d 1141 (Ind.App.1992). That court stated:
“The hospital hen statute creates a ‘lien’ in favor of a hospital for unpaid medical expenses. A ‘lien’ is a ‘charge or security or incumbrance upon property.’ Black’s Law Dictionary 1072 (4th ed.1951). On the other hand, ‘subrogation’ is ‘the substitution’ of one person in the place of another with reference to a lawful claim, demand or right ..., so that he who is substituted succeeds to the rights of the other in relation to the debt or claim, and its rights, remedies, or securities.’ Black’s Law Dictionary 1595 (4th ed. 1951). Similarly, we have stated that subrogation is ‘a legal fiction through which a person, who not as a volunteer or in his own wrong, and in the absence of outstanding and superior equities, pays the debts of another, is substituted to all rights and remedies of the other.’ In this case, [the hospital] did not ‘pay’ the debts of [the patient], and the hospital lien statute does not give [the hospital] a right to substitute itself in place of Thomas to collect a claim belonging to Thomas as its patient. The hospital merely has an interest in the proceeds of a claim or settlement that Thomas is to receive.”
590 N.E.2d at 1145 (citations omitted). Adopting the reasoning of the Indiana Court of Appeals, we conclude that Alabama’s hospital lien statute, § 35-11-370 et seq., does not create subrogation rights for Carraway and that the validity of Carr-away’s lien is not contingent on the Bruces’ fully recovering for their injuries.
Infinity and Estes finally contend that Carraway’s action based on impairment of its hospital lien is barred on the grounds of res judicata by its prior action against the Bruces wherein it received a judgment against the Bruces for their unpaid hospital bills. The four elements of res judicata are (1) identical parties; (2) identical causes of action; (3) proper jurisdiction; and (4) a judgment on the merits. Higgins v. Henderson, 551 So.2d 1050, 1052 (Ala.1989). If the four elements are satisfied, then an issue decided in a prior proceeding is prohibited from being the subject of subsequent litigation. Wood v. Tricon Metals & Services, Inc., 548 So.2d 138, 140 (Ala.1989).
Carraway is not precluded from pursuing its action against Infinity and Estes for impairment of its hospital lien, because the action against the Bruces on the underlying debt is a different cause of action than the one provided by § 35-11-372 for impairment of the lien. Also, Infinity and Estes could not have been parties in the action on the underlying debt, because their liability for the Bruces’ damages had not been established.
We conclude that the trial court improperly entered the summary judgment for Infinity and Estes. That judgment is reversed, and the cause is remanded for further proceedings.
REVERSED AND REMANDED WITH INSTRUCTIONS.
YATES, J., concurs.
ROBERTSON, P.J., and MONROE, J., concur in the result.
THOMPSON, J., recuses.