THOMPSON, Judge,
dissenting.
It is undisputed that Garrick was admitted to USA Medical Center within a week of the automobile accident in which she sustained injuries. USA Medical Center provided treatment to Garrick, discharged her 19 days later, and then, 12 days after her discharge, readmitted her for additional treatment. The majority takes the position that the statutory lien filed by USA Medical Center is unenforceable because the date of the readmission to the facility was not within seven days of the accident in which the injuries were sustained. I find this interpretation of the statute to be overly technical and in direct contrast to the legislative intent behind the statute.
Ala.Code 1975, § 35-11-370, was enacted to “facilitate the payment [to] hospitals and health care providers for the services they render.” Guin v. Carraway Methodist Medical Ctr., 583 So.2d 1317, 1320 (Ala.1991). Our supreme court has held that the requirements of statutes creating hospital liens “ ‘should not be technically applied so as to defeat just hospital claims, and that such statutes are to be liberally construed in this respect.’ ” Id., at 1319 (quoting Annot., 25 A.L.R.3d 874 § 5(b) (1969)).
A genuine issue of material fact remains as to whether Garrick’s May 13, 1996, hospital admission was necessitated by the April 1996 automobile accident. In light of this unresolved issue, I conclude that the trial court erred in entering the summary judgment in favor of Garrick on the statutory liens.
CRAWLEY, J., concurs.