Carraway Methodist Medical Center, Inc. ("Carraway"), appealed to the Court of Civil Appeals from a summary judgment entered in favor of Infinity Southern Insurance Company, Inc., and Glynn Carl Estes in a case dealing with the question whether it was necessary for a hospital, in order to perfect a hospital lien, to file its "verified statement" within the 10-day period set forth in § 35-11-371, Ala. Code 1975. Because Carraway, the plaintiff, did not meet that filing requirement, the trial court entered a judgment for the defendants. The Court of Civil Appeals reversed the judgment, holding that the statutory period was irrelevant under the facts of this case. Carraway Methodist Medical Center,Inc. v. Infinity Southern Ins. Co., 737 So.2d 458 (Ala.Civ.App. 1997). Infinity Southern and Estes then petitioned for certiorari review, and we granted their petition. We reverse the judgment of the Court of Civil Appeals.
Carraway sought to perfect a hospital lien pursuant to § 35-11-370 et seq., Ala. Code 1975, based on services provided to Wayne Bruce and his wife Connie Bruce. The Bruces had been injured on July 5, 1994, in an automobile accident caused by Estes. Estes was insured by Infinity Southern. The Bruces were hospitalized for medical treatment at a facility operated by Carraway. Wayne and Connie Bruce were discharged from Carraway on July 9 and July 26, 1994, respectively. Wayne Bruce's hospital bill totalled over $12,000; Connie Bruce's hospital bill totalled over $75,000.
Section 35-11-370 gives a hospital a lien, under certain conditions, "upon any . . . actions [or] claims" accruing to an injured person it has treated, for its "reasonable charges for hospital care, treatment and maintenance of [the] injured person." This section was intended to give hospitals and other health care providers an automatic lien for the reasonable value of their services. Guin v. Carraway Methodist Medical Center,583 So.2d 1317, 1319 (Ala. 1991). Section 35-11-371 provides:
 "In order to perfect such lien the operator of such hospital, before or within 10 days after such person shall have been discharged therefrom shall file in the office of the judge of probate of the county or counties in which such cause of action arose a verified statement setting forth the name and address of such patient . . ., the name and location of such hospital and the name and address of the operator thereof, the dates of admission and discharge of such patient therefrom, the amount claimed to be due for such hospital care, and to the best of claimant's knowledge, the names and addresses of all persons, firms or corporations claimed by such injured person, or the legal representative of such person, to be liable for damages arising from such injuries. . . ."
On August 24, 1994, well outside the 10-day period, Carraway filed a verified statement as to each of the 2 injured persons, setting forth total charges in excess of $87,000.
In September 1994, Estes and Infinity Southern settled with the Bruces for $40,000, the limit of Estes's policy. In September 1995, Carraway sued Infinity Southern and Estes, alleging that it had had a valid hospital lien and that they had impaired that lien by settling with the Bruces without Carraway's knowledge and consent. Carraway points to § 35-11-372, which provides that a settlement made in the absence of a release or satisfaction of a hospital lien "shall prima facie constitute an impairment of [the] lien," and that "the lienholder shall be entitled to a civil action for damages on account of such impairment."
Infinity Southern and Estes denied liability, on the ground that the verified statements were not timely filed and that as to them the untimeliness of the filing destroyed the validity of the lien, and they *Page 465 
moved for a summary judgment. Within two weeks of the trial setting, Carraway attempted to amend its complaint to aver that it had filed its verified statements on August 4, not on August 24. The Court of Civil Appeals held that it would not consider the proposed amendment because Carraway had not obtained leave of court for the amendment, pursuant to Rule 15(a), Ala. R. Civ. P.; thus, that court concluded that Carraway's filings were untimely. Carraway does not challenge the disallowance of the amendment and the resulting determination of untimeliness. The Court of Civil Appeals concluded, however, that the fact that the filings were not timely did not make Carraway's hospital liens invalid, because, that court said, "In this case, as in Guin, Carraway is the only creditor claiming the insurance recovery." 737 So.2d at 461.
Carraway contends that the Court of Civil Appeals is correct and that in light of Guin — in which this Court found the date of filing of the verified statement irrelevant where the hospital was the only creditor claiming the proceeds of an insurance policy — the trial court erroneously entered the summary judgment in favor of Infinity Southern and Estes. Infinity Southern and Estes contend that this case is distinguishable from Guin; we agree.
In Guin, a hospital patient's father had purchased three accident insurance policies naming the patient as the insured. The insurer, interpleading the hospital and the patient as claimants, paid the insurance proceeds into court and was discharged. The patient defended the hospital's claim on the basis that its filing had been untimely and that its lien, therefore, had not been perfected. This Court held that a patient has no standing to claim that a lien is void on the basis that the hospital had not made a timely filing. The Guin holding that the date of filing was irrelevant in that case was coupled with the conclusion that compliance with the deadline for filing would be relevant if there were other creditors claiming the policy proceeds. Id. at 1319. Thus, if competing health care providers claimed against a fund that was inadequate to satisfy both claims, the date of filing would be relevant because a timely filing would protect the hospital from a settlement that paid to another funds that were subject to the hospital lien, by conferring upon the hospital a right of action for damages for impairment of the lien.
In Carraway's appeal, the Court of Civil Appeals, relying on the aspect of Guin holding the time of filing irrelevant, wrote:
 "In this case, as in Guin, Carraway is the only creditor claiming the insurance recovery; therefore, its hospital lien is not invalid because of the untimely filing."
737 So.2d at 461.
The statement in Guin that the date a hospital files its verified statement is irrelevant unless another creditor is claiming funds subject to the hospital lien should not be extended beyond the facts of Guin; in that case the contest was between the hospital and the patient over undisbursed funds. In Guin, this Court approved the rationale of Public Health Trust of Dade Countyv. Carroll, 509 So.2d 1232 (Fla.Dist.Ct.App. 1987), which was based on a similar statute and which held that the patient had no standing to claim that an untimely filing invalidated the lien, because the purpose of the filing was to notify third parties, not the patient, of the claim. While it is not entirely clear from theCarroll opinion, it appears that the patient in Carroll was attempting to defeat the hospital's right to tap into the undisbursed proceeds of a settlement of claims the patient had had against a tortfeasor, who had liability insurance. The Carroll
opinion lists in its caption two liability carriers as codefendants, yet the only appearances indicated were by the hospital and the patient; this fact implies that the insurance carriers were passive participants in the proceedings. *Page 466 
Here, the controversy is between Carraway on the one hand and Estes and Infinity Southern (the tortfeasor who caused the patients' injuries, and the tortfeasor's insurer) on the other hand, and the controversy is over funds that already have been disbursed. By the terms of § 35-11-372, the time of filing is highly relevant. See West Nebraska General Hospital v. FarmersInsurance Exchange, 239 Neb. 281, 475 N.W.2d 901, 905 (1991), applying a similar Nebraska statute and reaching the same result we reach today.
Some courts have allowed actual notice to the tortfeasor to serve in place of the constructive notice that could have been achieved by compliance with statutory requirements for perfection of a lien. See, e.g., Macon-Bibb County Hospital Authority v.National Union Fire Insurance Co., 793 F. Supp. 321 (M.D. Ga. 1992). The issue whether such actual notice can serve in place of the constructive notice is not here presented.
In summary, the hospital has an automatic lien for its reasonable charges, against the patient's actions and claims. § 35-11-370. Upon perfection of the lien in the manner provided in § 35-11-371, the hospital's lien is protected, pursuant to § 35-11-372, from impairment by one settling an action or claim without obtaining a release or satisfaction of the lien. If the patient settles with the tortfeasor and the hospital has failed to perfect its lien, the hospital's only remedy is against the patient. If the patient settles with the tortfeasor after the lien has been perfected, the hospital has a remedy against both the tortfeasor and the tortfeasor's insurer for impairing the lien, pursuant to § 35-11-372.
We reverse the judgment of the Court of Civil Appeals and remand the cause for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
Maddox, Shores, Houston, Kennedy, Cook, and See, JJ., concur.
Almon, J., concurs in the result.
Hooper, C.J., dissents.