Rel: June 7, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2023-2024

———————————————

## CL-2023-0849

———————————————

## Board of Trustees of the University of Alabama for its Division University of Alabama Hospital in Birmingham

## v.

## Jackie Pepper Richards, as administrator of the Estate of Carlton Comer Richards, deceased

## Appeal from St. Clair Circuit Court
## (CV-20-900161)

LEWIS, Judge.

The Board of Trustees of the University of Alabama for its Division

University of Alabama Hospital in Birmingham ("UAB") appeals from a

judgment entered by the St. Clair Circuit Court ("the trial court")

apportioning interpleaded settlement funds ("the funds") from a personal-injury lawsuit. The funds were apportioned among the following: UAB; the estate of Carlton Comer Richards ("the estate"); Mann & Potter, P.C., the attorneys for the estate; the United States Department of Veterans Affairs ("the VA"); and Regional Paramedical Services. We reverse the trial court's judgment and remand the case with instructions.

<u>Procedural History</u>

On August 19, 2020, Carlton Comer Richards filed a complaint in the trial court seeking damages arising out of a motor-vehicle accident. Richards named the following defendants: Artavius Devontay Garrett; Alabama Motor Express, Inc.; Alfa Mutual Insurance Company; and multiple fictitiously named defendants. The named defendants filed separate answers to the complaint.

On January 7, 2022, the parties filed a joint stipulation of dismissal, requesting that the trial court dismiss the case, with prejudice, because the claims had been resolved. On January 11, 2022, the trial court entered a judgment dismissing the case with prejudice. Six days later, on January 17, 2022, Richards filed a motion to alter, amend, or vacate

the judgment. In that motion, Richards asserted that he had intended to dismiss only his claims against the named defendants. He requested that the trial court reinstate his claims against "real parties in interest." After a hearing, the trial court entered an order on March 23, 2022, that amended its previous judgment by stating that Richards's claims remained pending against certain real parties in interest, specifically, Medicare; TriCare; the VA; UAB; the University of Alabama Health Services Foundation, P.C. ("UAHSF"); "[a]ll other medical providers and/or facilities that claim [] an interest in the settlement monies;" and "[a]ll other health insurance providers that claim a reimbursement and/or subrogation interest from the settlement monies." The trial court granted Richards leave to add parties to the action and to interplead the funds.[1]

---

[1]"[A] trial court has no jurisdiction to entertain a motion to amend a complaint to add new claims or new parties after a final judgment has been entered, unless that 'judgment is first set aside or vacated' pursuant to the state's rules of civil procedure." Faith Props., LLC v. First Com. Bank, 988 So. 2d 485, 490 (Ala. 2008) (quoting Greene v. Eighth Judicial Dist. Court of Nevada, 115 Nev. 391, 393, 990 P. 2d 184, 185 (1999)). Here, because Richards filed a motion to alter, amend, or vacate the judgment within 30 days from the date of the January 11, 2022, judgment, the trial court had jurisdiction to amend that judgment.

On September 1, 2022, Richards filed his first amended complaint, adding, "as proper party defendants," the VA, UAB, and UAHSF. UAB thereafter filed a motion for a more definite statement. The trial court granted UAB's motion on September 27, 2022. On December 14, 2022, Jackie Pepper Richards, as administrator of the estate, filed a second amended and restated complaint and a more definite statement.[2] The estate noted that a settlement agreement had been made; that the funds had been interpleaded; and that UAB, UAHSF, and the VA "are allegedly owed monies for medical treatment of [Richards] for the injuries he sustained in the [motor-vehicle accident] made the basis of this action." The estate requested that the trial court determine the portion of the funds due to UAB, UAHSF, and the VA, pursuant to Ala. Code 1975, § 35-11-373.

---

[2]The record does not contain evidence indicating the date of Richards's death or an order recognizing Jackie as the administrator of Richards's estate. Nor does the record contain an order substituting Jackie, in her representative capacity, as the plaintiff. However, based on Jackie's filing of the second amended complaint, we assume Richards's death, as well as Jackie's appointment as administrator and her substitution as plaintiff. We have, therefore, adjusted the style of this appeal accordingly.

On June 2, 2023, UAHSF answered the complaint, disclaiming any interest in the funds and requesting to be dismissed as a party to the action. UAB filed its answer on August 17, 2023, asserting a lien in the amount of $17,942.80 against the funds.

On July 31, 2023, the estate filed a motion requesting that the trial court set a hearing concerning the disbursement of the funds. The estate set forth the amount of the respective liens as follows: UAB's hospital lien in the amount of $17,942.80; the VA's subrogation interest in the amount of $14,170.73; Regional Paramedical Services' balance in the amount of $1,355; and attorney's "expenses" in the amount of $5,534. The estate's motion stated that the funds were insufficient to pay all the medical providers in full and requested that the trial court order the disbursement of the funds as follows: "one-third (1/3) to the Plaintiff, Carlton Richard; one-third (1/3) to Plaintiff's counsel; and one-third (1/3) divided equally to UAB …, [the] VA, and Regional Paramedical Services."[3]

_____

[3]Richards's trial attorney stated at a later hearing on September 5, 2023, discussed, infra, that he had agreed to reduce his fee from 45% of the funds to 1/3 of the funds.

On August 17, 2023, UAB responded to the estate's motion and submitted a copy of the "Notice of Hospital Lien" filed by UAB with the Jefferson Probate Court on September 22, 2021; a statement of Richards's account with UAB; and an affidavit of a hospital employee attesting to the reasonableness of UAB's charges to Richards.

After a September 5, 2023, hearing, the trial court entered a judgment that same day. On September 12, 2023, UAB filed a motion to alter, amend, or vacate the judgment or, in the alternative, to stay the distribution of the funds pending an appeal of the judgment. On September 29, 2023, the estate filed a supplemental motion seeking disbursement of the funds. The estate attached a letter from an attorney for the VA, in which the VA agreed to accept $11,310.37 "as satisfaction in full" of its claim.

On October 19, 2023, the trial court entered a judgment that appears to be identical to its September 5, 2023, judgment. The trial court's October judgment ordered the disbursement of the funds as follows: $15,000 to the attorneys who represented the estate; $15,000 to the estate; $8,793.00 to UAB Hospital; $5,542.50 to the VA;[4] and $664.50

---

[4]The VA's subrogation interest was $11,310.37.

to Regional Paramedical Services. The trial court specifically ruled that the amounts received by the parties constituted "full and final payment" for their services and that the estate was "discharged from any liability to the medical providers." UAB filed its notice of appeal to this court on November 28, 2023.[5]

### Discussion

On appeal, UAB argues that, pursuant to § 35-11-373, Ala. Code 1975, because the amount of the funds was sufficient to satisfy its lien, the trial court was not permitted to reduce UAB's recovery to less than its reasonable charges.

Before proceeding to the merits of the arguments, we must first address the threshold issue of jurisdiction. The estate argues that this appeal is from the entry of an injunction requiring the notice of appeal to have been filed within 14 days from the entry of the judgment ordering the injunction. In support of its argument, the estate cites Rule

---

[5]Although the funds have been disbursed, UAB asserts, and the estate does not dispute, that UAB has not negotiated the check for the portion of the funds it was awarded. Moreover, even if UAB succeeds on this appeal, it would not receive a smaller portion of the settlement proceeds. Therefore, we conclude that the disbursement of the funds does not moot the appeal. See Alco Land & Timber Co. v. Baer, 289 Ala. 567, 571, 269 So. 2d 99, 102 (1972).

4(a)(1)(A), Ala. R. App. P., which provides that "the notice of appeal shall be filed within 14 days (2 weeks) of the date of the entry of the order or judgment appealed from … any <u>interlocutory</u> order granting, continuing, modifying, refusing, or dissolving an injunction, or refusing to dissolve or to modify an injunction." (Emphasis added.) The estate also cites <u>Blevins v. Thomas R. Boller, P.C.</u>, 257 So. 3d 859, 863 (Ala. Civ. App. 2017), which involved an attempted appeal from an interlocutory order concerning an injunction. However, the estate does not argue that the judgment in this case was an interlocutory order. According to the plain language of Rule 4(a)(1)(A), only interlocutory orders that order an injunction are subject to the 14-day time limitation for taking an appeal. Because the judgment in this case was a final judgment, the estate's argument on this point is misplaced. <u>See</u> Rule 4(a)(1)(A); <u>see also</u> <u>Bekken v. Greystone Residential Ass'n</u>, 227 So. 3d 1201, 1213 (Ala. Civ. App. 2017) (recognizing that a final judgment granting an injunction was not subject to the 14-day time limit to appeal set forth in Rule 4(a)(1)(A)).

We also note, with respect to jurisdiction, that, in <u>Roberts v. University of Alabama Hospital</u>, 27 So. 3d 512, 514 n.1 (Ala. Civ. App.

2008), this court concluded that the Jefferson Circuit Court had jurisdiction to determine the amount of the liens when:

> "(1) the Robertses interpleaded the drafts that had been issued by the liability insurer of the tortfeasors and that had represented the amounts of the claimed hospital liens, (2) the hospital was expressly added as a party in this case, and (3) the trial court in this case entered its judgment determining the amount of the pertinent hospital liens <u>after</u> the Robertses' tort claims had been settled and dismissed."

Similarly, in this case, the funds were interpleaded; UAB and the other lienholders were added as parties to the case; and the judgment determining the amount of the respective liens was entered after the settlement and dismissal of the tort claims. Therefore, in keeping with <u>Roberts</u>, 27 So. 3d at 514 n.1, we conclude that the trial court had jurisdiction in this case to determine the amount of the liens at issue.

Additionally, we recognize that the estate argues that UAB did not comply with the technical requirements set forth in § 35-11-371, Ala. Code 1975, relating to UAB's timely perfecting its lien. However, our supreme court has explained that "the patient ha[s] no standing to claim that an untimely filing invalidated the lien, because the purpose of the filing was to notify third parties, not the patient, of the claim." <u>Ex parte Infinity S. Ins.</u>, 737 So. 2d 463, 465 (Ala. 1999). Moreover, our supreme

court has held that, where the parties to an action had "actual knowledge of [certain] hospitals' liens, the hospitals' failure to provide constructive notice … is immaterial to the validity and enforceability of the liens." Board of Trustees of Univ. of Alabama ex rel. Univ. of Alabama Hosp. v. American Res. Ins. Co., 5 So. 3d 521, 531 (Ala. 2008). Similarly, the parties to this case had actual knowledge of the existence of UAB's lien. Therefore, we conclude that any noncompliance with the technical requirements set forth in § 35-11-371 on the part of UAB has no effect on the enforceability of UAB's lien.

We now turn to the merits of UAB's arguments.

Section 35-11-370, Ala. Code 1975, provides:

> "Any person, firm, hospital authority, or corporation operating a hospital in this state shall have a lien for all reasonable charges for hospital care, treatment, and maintenance of an injured person who entered such hospital within one week after receiving such injuries, upon any and all actions, claims, counterclaims, and demands accruing to the person to whom such care, treatment, or maintenance was furnished, or accruing to the legal representatives of such person, and upon all judgments, settlements, and settlement agreements entered into by virtue thereof on account of injuries giving rise to such actions, claims, counterclaims, demands, judgments, settlements, or settlement agreements and which necessitated such hospital care, subject, however, to any attorney's lien."

10

"This section was intended to give hospitals and other health care providers an automatic lien for the reasonable value of their services." Ex parte Infinity, 737 So. 2d at 464.

Section 35-11-373, Ala. Code 1975, describes the jurisdiction of a court to determine the distribution of the proceeds of a judgment in cases involving a hospital lien as follows:

> "In any case where the action, claim, counterclaim or demand accruing to the person to whom hospital care has been furnished has been reduced to judgment in a court having jurisdiction thereof, said court shall have full jurisdiction to determine the amount due on the lien on proper written petition by any party interested therein and shall have full power to adjudicate all matters in connection with said hospital lien and to provide by order of the court for the manner in which the proceeds of said judgment shall be distributed. ..."

In this case, UAB presented an affidavit of its employee declaring that its charges to Richards were reasonable. It does not appear that the reasonableness of the charges was in dispute. The issue is whether, without any evidence to dispute the evidence of the reasonableness of the charges, the trial court properly reduced UAB's lien and ruled that the judgment constituted "full and final payment" of UAB's lien.

As previously stated, § 35-11-370 gives hospitals an "automatic lien for the reasonable value of their services." Ex parte Infinity, 737 So. 2d

11

at 464. That lien, however, is subject to a lien for an attorney's fee. In this case, the trial court's judgment arbitrarily apportioned the settlement proceedings in the following manner -- one-third of the proceeds to the estate; one-third of the proceeds to attorney's fees; and one-third of the proceeds to be divided among the remaining lienholders (including UAB). Although the estate points out that Rule 22, Ala. R. Civ. P., and § 35-11-373 vest the trial court with jurisdiction to enter an order disbursing the funds, the trial court is not authorized to contravene the plain language of § 35-11-370. Here, the trial court clearly violated § 35-11-370 in its apportionment of the funds, both by its limitation of the amount of UAB's lien as against the funds and by barring UAB's right to seek satisfaction of its lien subsequent to the entry of the judgment.

Based on the foregoing, the trial court's judgment is reversed. On remand, the trial court is directed to enter a judgment apportioning the settlement funds in accordance with § 35-11-370. Moreover, if the trial court determines that the settlement funds are inadequate to satisfy UAB's lien, even when UAB's lien is given its statutory priority, the trial court's judgment must not impair UAB's right to seek complete satisfaction of its lien outside of the context of the present action.

REVERSED AND REMANDED WITH INSTRUCTIONS.

Moore, P.J., and Edwards, Hanson, and Fridy, JJ., concur.