L. CHARLES WRIGHT, Retired Appellate Judge.
First Alabama Bank appeals from an order of the trial court denying its motion to compel arbitration of a conversion claim filed against it by Linda Burgess.
The record reflects that in June 1991 Linda Burgess entered into a fixed-rate loan agreement with First Alabama, whereby First Alabama loaned Burgess the sum of $6,516.50, which Burgess agreed to repay in 36 monthly installments of $218, beginning in July 1991. The loan agreement provided that the indebtedness would be secured by a 1987 Nissan Maxima.
The loan agreement provided a jury waiver and the following pertinent language:
“To the extent that any court of competent jurisdiction determines that such jury waiver is inapplicable or unenforceable with respect to any claim or dispute, such claim or dispute shall be submitted to and settled by final and binding arbitration under the Federal Arbitration Act or other applicable law pursuant to the commercial arbitration rules of the American Arbitration Association.”
In March 1992 First Alabama repossessed Burgess’s car due to nonpayment. Burgess’s purse, which contained $825 in cash, was in the automobile when the automobile was repossessed. Following the repossession, Bur *136 gess requested that her purse and personal items be returned to her. First Alabama returned her items but refused to return the $825 in cash. First Alabama credited the money toward the outstanding debt.
In April 1992 Burgess filed suit in the Circuit Court of Calhoun County, alleging that First Alabama converted to its own use the $825 in cash found in the repossessed car. She demanded compensatory and punitive damages and requested that the matter be heard by a jury.
First Alabama denied the allegations of the complaint and moved the court for an order striking the jury demand, based upon the jury waiver contained in the agreement. In the alternative, First Alabama moved the court for an order dismissing the complaint on the grounds that in the event the court determined that the jury waiver was inapplicable and unenforceable, Burgess was bound to pursue her remedies under the Federal Arbitration Act, pursuant to the arbitration clause found in the agreement. The trial court denied the motion to strike the jury demand and did not rule on the arbitration issue.
Because the court determined that the jury waiver was inapplicable and unenforceable, First Alabama again requested that the court enter an order compelling arbitration, as provided in the agreement.
In July 1993 the court entered an order, staying the proceedings pending arbitration and ordering the parties to submit the issues to arbitration in accordance with the agreement.
Burgess filed a motion to set aside the order compelling arbitration. The court subsequently granted the motion, set aside its order, and reinstated the action to the court’s active trial docket.
First Alabama insists that the trial court erred in refusing to compel arbitration.
Alabama statutory law and case law prohibit the enforcement of predispute agreements to arbitrate. § 8-1-41(3), Code 1975; Wells v. Mobile County Bd. of Realtors, Inc., 387 So.2d 140 (Ala.1980). If a written agreement, however, calls for arbitration and the agreement is based on a transaction involving interstate activity, under the Federal Arbitration Act, 9 U.S.C. § 1 et seq. (“FAA”), the arbitration agreement may be enforceable. Henderson v. Superior Insurance Co., 628 So.2d 365 (Ala.1993). The test for determining whether the FAA compels arbitration is “‘[W]hether at the time [the parties] entered into [the contract] and accepted the arbitration clause, they contemplated substantial interstate commerce.’ ” Ex parte Warren, 548 So.2d 157 (Ala.), cert. denied, 493 U.S. 998, 110 S.Ct. 554, 107 L.Ed.2d 550 (1989) (quoting Metro Industrial Painting Corp. v. Terminal Construction Co., 287 F.2d 382 (2d Cir.) (Lumbard, Chief Judge, concurring) (emphasis original), cert. denied, 368 U.S. 817, 82 S.Ct. 31, 7 L.Ed.2d 24 (1961)); see Ex parte Jones, 628 So.2d 316 (Ala.1993).
First Alabama suggests that we resurrect the “slightest nexus” test of Ex parte Costa & Head (Atrium), Ltd., 486 So.2d 1272 (Ala.1986), in our analysis of the present situation. In Ex parte Jones, our supreme court specifically overruled that test, determining that the “contemplation” test as set forth in Ex parte Warren represented a more reasoned approach. We are bound to follow the mandates of that court. We, therefore, must determine whether at the time they entered into the contract, the parties “contemplated substantial interstate activity.”
First Alabama insists that in entering into the agreement, the parties contemplated that the agreement would involve interstate activity because the relationship between the parties was based on federal laws premised on the commerce clause. More specifically, First Alabama noted that the relationship was based on the Federal Deposit Insurance Act, the Federal Truth-in-Lending Act, the Fair Credit Billing Act, and the Fair Debt Collection Practices Act. In support of its assertion, First Alabama relies on Continental Grain Co. v. Beasley, 628 So.2d 319 (Ala.1993), for the proposition that if the parties’ relationship is premised on federal law, then it must be determined that the parties contemplated that there would be substantial interstate activity. First Alabama’s reliance *137 on Continental Grain Co. is misplaced. A close reading of that case shows that our supreme court cited the above proposition as an argument advanced by the defendants. There was no indication that the supreme court placed any reliance on that fact. In Continental Grain Co., the supreme court found a number of interstate contacts to support its decision.
Burgess is an Alabama resident, and First Alabama is an Alabama corporation, with its principal place of business in Alabama. Burgess applied for the loan in order to purchase a vehicle in Alabama. The contract was executed in Alabama, and it expressly provided that Alabama law would govern the relationship. All of the loan installments were paid in Alabama. There is no evidence that Burgess contemplated that her loan agreement would involve substantial interstate activity. The mere fact that First Alabama is regulated by the federal government does not require a holding that the parties contemplated substantial interstate activity during their dealings. To follow the principles contended by First Alabama would nullify Alabama law as to arbitration of disputes in all cases involving transactions with federally regulated agencies.
The trial court did not err in refusing to compel arbitration. Its judgment is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.