[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1244 
University of South Alabama d/b/a University of South Alabama Medical Center Hospital ("USAMC") appeals and Progressive Insurance Company ("Progressive") cross-appeals from a judgment in USAMC's favor in USAMC's action against Progressive for damages on account of an alleged impairment of a statutory hospital lien.[1] We affirm in part, reverse in part, and remand.
The relevant facts are undisputed. On May 14, 2002, Clarence Bell was injured when the bicycle he was riding was struck by a motor vehicle driven by Timothy Smith. Bell was transported from the accident scene to USAMC and was admitted for treatment. He remained there until June 5, 2002. The reasonable charges for Bell's hospital care, treatment, and maintenance were $57,097.
Ala. Code 1975, § 35-11-370, provides:
 "Any person, firm, hospital authority or corporation operating a hospital in this state shall have a lien for all reasonable charges for hospital care, treatment and maintenance of an injured person who entered such hospital within one week after receiving such injuries, upon any and all actions, claims, counterclaims and demands accruing to the person to whom such care, treatment or maintenance was furnished, or accruing to the legal representatives of such person, and upon all judgments, settlements and settlement agreements entered into by virtue thereof on account of injuries giving rise to such actions, claims, counterclaims, demands, judgments, settlements or settlement agreements and which necessitated such hospital care, subject, however, to any attorney's lien."
After Bell was discharged from its hospital, USAMC properly perfected such a lien in the manner provided by § 35-11-371, Ala. Code 1975.
At the time of the accident, Timothy Smith maintained automobile liability insurance coverage with Progressive. Smith reported the accident involving Bell to Progressive, and the matter was assigned to Maureen Cordell, a Progressive claims adjuster. On June 20, 2002, Cordell received actual notice of USAMC's lien. On June 21, Cordell wrote to USAMC, stating, in pertinent part, that "[i]f liability is decided that we will owe for the injuries sustained to Clarence Bell as a result of the accident we will protect the hospital's interest when payment is made."
After Progressive completed its investigation, Cordell informed Bell by letter that Progressive was "deny[ing] any and all claims [he] might assert as a result of [the] accident." After sending that letter, Cordell had no further involvement with Bell or USAMC.
After Progressive denied his claim, Bell continued to pursue the matter. Ultimately, Bell agreed that he would not sue Smith if Progressive would pay him $6,000. On December 2, 2002, Progressive paid Bell $6,000, and Bell executed a full release of all his claims and demands against Smith. USAMC did not join in the release, *Page 1245 
nor did it execute any separate release of its lien.
After learning that Progressive had paid Bell $6,000 and had obtained a release from him, USAMC filed this action against Progressive, alleging that Progressive had impaired USAMC's statutory hospital lien and seeking damages. USAMC demanded judgment against Progressive "for the reasonable cost of [Bell's] hospital care, treatment and maintenance, plus costs and reasonable attorneys fees."
In answering the complaint, Progressive denied that it had impaired USAMC's lien. Further, Progressive asserted the following defenses:
 "19. [Progressive] affirmatively aver[s] that [USAMC] is not entitled to recover any amount beyond the claim payment actually made by [Progressive] in this case.
 "20. [Progressive] affirmatively aver[s] that [USAMC] is not entitled to any recovery unless and until it can prove as a matter of law that Clarence L. Bell was entitled to recover legal damages from [its] insured. . . .
 "21. [Progressive] affirmatively aver[s] that Ala. Code Section 35-11-372 is violative of the due process clause of the Fourteenth Amendment to the Constitution of the United States and is violative of the due process [clause] of the Constitution of the State of Alabama in that enforcing the lien in any amount in excess of the claim payment by the insurer is arbitrary and capricious, does not provide sufficient notice to the insurer that it may be subject[ed] to such a punitive application of the statute as being sought herein by [USAMC], provides insufficient logical standards, criteria, and guidelines for imposition of a judgment against the insurer as being sought herein by [USAMC], and constitutes a punitive taking of property without due process of law.
 "22. [Progressive] affirmatively aver[s] that any enforcement of a hospital lien in an amount in excess of the actual insurance payment violates Article II, Section 10, of the United States Constitution, which prohibits laws that impair the obligations of contracts and contractual relationships.
 "23. [Progressive] affirmatively aver[s] that any enforcement of a hospital lien in an amount in excess of the monetary limitations upon an insurance policy contract violates Article II, Section 10, of the United States Constitution prohibiting laws that impair the obligations of contracts."
After discovery was conducted, USAMC filed a motion for a summary judgment. It contended, in substance, that Progressive's acceptance of the release from Bell had impaired its statutory hospital lien, and that, therefore, it was entitled to recover as damages $57,097, the reasonable cost of Bell's hospital care, treatment, and maintenance.
Progressive also filed a motion for a summary judgment, stating alternative arguments. First, it argued that it had no duty to protect USAMC's hospital lien, because its insured, Timothy Smith, was not liable for the injuries to Clarence Bell. Alternatively, it argued, based upon its interpretation of §35-11-370, that if it had impaired USAMC's lien, its liability to USAMC could not exceed the $6,000 it had paid Bell in exchange for the release.
On February 26, 2004, the trial court entered its final judgment, stating the following findings of fact and conclusions of law:
"FINDINGS OF FACT
 "1. Clarence L. Bell received care, treatment and maintenance at one of *Page 1246 
[USAMC's] hospitals in Mobile County from 14 May 2002 until 5 June 2002 as a result of injuries he received on 14 May 2002.
 "2. [USAMC] had a hospital lien duly perfected pursuant to Alabama Code 1975, § 35-11-371, of which Defendant Progressive Insurance Company had both actual and constructive knowledge. That lien has not been released or satisfied.
 "3. On 2 December 2002 Defendant Progressive Insurance Company paid $6,000.00 and entered into a `FULL RELEASE OF ALL CLAIMS AND DEMANDS' with Clarence L. Bell `on account of or in any way growing out of, any and all known and unknown personal injuries and damages resulting from an automobile accident which occurred on or about 5/14/02 at or near Springhill Avenue, Mobile, Alabama,' and the acceptance of that release by Defendant Progressive Insurance Company constituted an impairment of [USAMC's] hospital lien.
 "4. The reasonable cost of the hospital care, treatment and maintenance by [USAMC] of Clarence L. Bell for his injuries received 14 May 2002 was $57,097.00.
"CONCLUSIONS OF LAW
 "1. [USAMC's] Motion for Summary Judgment is due to be granted, but its damages are limited to that amount actually paid by Defendant Progressive Insurance Company, that being $6,000.00, for which judgment is rendered against Progressive Insurance Company, plus costs, and $2,000.00 attorney's fees.
 "2. Defendant Progressive Insurance Company's Motion for Summary Judgment is granted in part in the amount of $6,000.00."
(Emphasis added.) From that judgment, USAMC appeals, contending that "[t]he trial court erred in interpreting the hospital lien statute as limiting damages to the amount of the settlement between Progressive and Bell." USAMC's brief, at 8. Progressive cross-appeals, arguing that its "insured was not liable for the accident and therefore Progressive had no duty to protect and/or satisfy [USAMC's] lien." Progressive's brief, at 10.
A party is entitled to a summary judgment when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Rule 56(c)(3), Ala. R. Civ. P. "Our review of a summary judgment is de novo."Crutcher v. Wendy's of North Alabama, Inc., 857 So.2d 82, 85
(Ala. 2003). "The trial court's interpretation of [§ 35-11-372] involves a question of law; it is reviewed de novo by an appellate court, without any presumption of correctness."Simcala, Inc. v. American Coal Trade, Inc., 821 So.2d 197, 200
(Ala. 2001).
This case involves the interpretation of the hospital-lien statute. Both parties remind us of the following principle:
 "The fundamental rule of statutory construction is to ascertain and give effect to the intent of the legislature in enacting the statute. Words used in a statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says. If the language of the statute is unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect."
IMED Corp. v. Systems Eng'g Assocs. Corp., 602 So.2d 344, 346
(Ala. 1992). We note that "[t]he purpose of Alabama's hospital-lien *Page 1247 
statute is, by giving a hospital an automatic lien for the reasonable value of its services, to induce it to receive a patient injured in an accident, without first considering whether the patient will be able to pay the medical bills incurred." Exparte University of South Alabama, 761 So.2d 240, 244 (Ala. 1999).
In the hospital-lien division of chapter 11 of Title 35, only §35-11-372 deals with a civil action for damages based on an impairment of a statutory hospital lien. That section provides, in pertinent part:
 "[A]fter the lien provided for by this division [§ 35-11-370 et seq.] has been perfected, as provided in [§ 35-11-371], by any lienholder entitled thereto, no release or satisfaction of any action, claim, counterclaim, demand, judgment, settlement or settlement agreement, or any of them, shall be valid or effectual as against such lien unless such lienholder shall join therein or execute a release of such lien.
 "Any acceptance of a release or satisfaction of any such action, claim, counterclaim, demand or judgment and any settlement of any of the foregoing in the absence of a release or satisfaction of the lien referred to in [§ 35-11-370] shall prima facie constitute an impairment of such lien, and the lien-holder shall be entitled to a civil action for damages on account of such impairment, and in such action may recover from the one accepting such release or satisfaction or making such settlement the reasonable cost of such hospital care, treatment and maintenance. . . . If the lienholder shall prevail in such action, the lienholder shall be entitled to recover from the defendant, costs and reasonable attorneys fees. . . ."
It is logical for us to begin our analysis with Progressive's cross-appeal, in which Progressive requests "that this Court . . . reverse the ruling of the trial court and find completely in favor of Progressive." Progressive's brief, at 29. In its brief, Progressive does not present its arguments in the context of §35-11-372. Instead, it makes only conclusory arguments.
 "In the instant case [USAMC] cannot prove that Timothy Smith is liable for causing the accident which resulted in injuries to Clarence Bell. If he was not liable legally — which he clearly was not — his liability insurance carrier (Progressive) does not owe anything to anyone, including the hospital. A lien is certainly not stronger than the claim of the injured person; rather, it is directly dependent upon the validity of that underlying claim."
Progressive's brief, at 11. In support of this argument, Progressive cites no authority. Similarly, without citing any authority, Progressive argues that "[o]nly those persons liable to the injured person have a duty to protect the hospital lien." Progressive's brief, at 11. Finally, again without citing any authority, Progressive argues that "a lien is only valid if a legal action or claim is valid." Progressive's brief, at 12.
Rule 28(a)(10), Ala. R.App.P., requires that arguments in an appellant's (or cross-appellant's) brief contain "citations to the cases, statutes, other authorities, and parts of the record relied on." The effect of a failure to comply with Rule 28(a)(10) is well established:
 "It is settled that a failure to comply with the requirements of Rule 28(a) ([10]) requiring citation of authority for arguments provides the Court with a basis for disregarding those arguments:
 "`When an appellant fails to cite any authority for an argument on a particular issue, this Court may affirm the judgment as to that issue, for it is *Page 1248 
neither this Court's duty nor its function to perform an appellant's legal research. Rule 28(a) ([10]); Spradlin v. Birmingham Airport Authority, 613 So.2d 347 (Ala. 1993).'
 "City of Birmingham v. Business Realty Inv. Co., 722 So.2d 747, 752 (Ala. 1998). See also McLemore v. Fleming, 604 So.2d 353 (Ala. 1992); Stover v. Alabama Farm Bureau Ins. Co., 467 So.2d 251 (Ala. 1985); and Ex parte Riley, 464 So.2d 92 (Ala. 1985)."
Ex parte Showers, 812 So.2d 277, 281 (Ala. 2001). "[W]e cannot create legal arguments for a party based on undelineated general propositions unsupported by authority or argument." Spradlin v.Spradlin, 601 So.2d 76, 79 (Ala. 1992).
We conclude that, for purposes of our review, Progressive has not adequately presented its argument that it did not impair USAMC's hospital lien by accepting the release from Bell. Therefore, we affirm the trial court's judgment to the extent the trial court found that Progressive's acceptance of the release from Bell impaired USAMC's hospital lien.
Having affirmed the trial court's judgment insofar as it holds that Progressive impaired USAMC's lien, we must consider whether, as USAMC contends, the trial court erred in limiting the damages USAMC could recover to the amount of the settlement between Progressive and Bell. In that regard, the issue is: Where a hospital's lien is impaired by an insurer that improperly accepted a release from the injured party/patient, is the hospital's recovery limited to the amount paid to the injured party/patient by the insurer or is the hospital entitled to recover the reasonable cost of its care, treatment, and maintenance of the injured party/patient?
To answer this question, we need look no farther than the plain language of § 35-11-372. There, the Legislature plainly and unambiguously stated that a lienholder, such as USAMC, in a case such as this, "may recover from the one accepting [the] release . . . the reasonable cost of [the] hospital care, treatment and maintenance [of the injured person]." The statute clearly doesnot limit the damages to the amount of the consideration paid for the release. Indeed, such a limitation would be contrary to the purpose of the hospital-lien statute, that is, "to give hospitals . . . an automatic lien for the reasonable value of their services." Ex parte Infinity Southern Ins. Co.,737 So.2d 463, 464 (Ala. 1999). Thus, we agree with USAMC that the trial court erred in interpreting the hospital-lien statute as limiting USAMC's damages to the amount of the settlement between Progressive and Bell. Having determined that Progressive had impaired USAMC's lien, the trial court was required to enter a judgment for USAMC against Progressive "for all reasonable charges," which, in this case, the trial court found totaled $57,097.
Although § 35-11-372 deals specifically with the damages recoverable in an action for the impairment of a hospital lien, Progressive argues that "[t]he plain language of § 35-11-370, [which gives the hospital the lien,] dictates that . . . Progressive is only liable to [USAMC] for the amount of its settlement agreement." Progressive's brief, at 17. However, §35-11-370 contains no such "plain language." Instead, it gives the hospital an automatic lien "for all reasonable charges for hospital care, treatment and maintenance of an injured person," which, in this case, totaled $57,097. By its plain language, which this Court cannot ignore, § 35-11-372 provides that a party, such as Progressive, that is found to have impaired a lien, is responsible for those reasonable charges, not for some lesser amount. Any other interpretation would be contrary to "this Court's recognition that the statute is to be construed *Page 1249 broadly to accomplish its purpose." Ex parte University ofSouth Alabama, 761 So.2d at 245 (emphasis added).
Finally, Progressive argues that an award of damages in excess of $6,000 would violate its "due process requirement of a hearing." Progressive's brief, at 23. Specifically, it argues that it has a constitutional right to a hearing, where it would have "the opportunity to show that it [was] not liable for [Bell's] claim, and thus not liable for the lien." Progressive's brief, at 25. Because this Court has affirmed the trial court's holding that Progressive impaired USAMC's hospital lien, we need not consider Progressive's argument.
For the foregoing reasons, the trial court's judgment is affirmed insofar as it held that Progressive had impaired USAMC's hospital lien. However, insofar as the trial court's judgment limited USAMC's recovery to $6,000, the judgment is reversed and the cause is remanded for the entry of a judgment consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
HOUSTON, SEE, LYONS, BROWN, HARWOOD, and STUART, JJ., concur.
JOHNSTONE, J., concurs specially.
NABERS, C.J., concurs in part and dissents in part.
[1] This appeal and cross-appeal were originally filed in the Court of Civil Appeals, where they were assigned one docket number. That court transferred the appeal and the cross-appeal to this Court, where, for the sake of consistency, this Court continued the designation of the appeal and the cross-appeal by one docket number.