*706 MOORE, Judge.
Alfa Mutual Insurance Company ("Alfa") appeals from a judgment of the Mobile Circuit Court ("the trial court") in favor of the University of South Alabama d/b/a University of South Alabama Medical Center Hospital ("South"). We affirm in part, reverse in part, and remand the case with instructions.
Procedural History
On May 27, 2014, the South filed a complaint against Alfa and a number of fictitiously named defendants, asserting that Alfa had impaired South's hospital lien, which it attached as an exhibit to the complaint. Alfa filed an answer to the complaint. On August 11, 2014, the parties filed a stipulation of facts, which stated, in pertinent part, that Abaney T. Wright had been admitted to a hospital operated by South in Mobile County on May 21, 2013, for hospital care, treatment, and maintenance for injuries she had received in an automobile accident less than one week before her admission; that Wright died on account of her injuries on May 21, 2013, at South's hospital; that Wright incurred reasonable medical charges for her necessary care, treatment, and maintenance totaling $36,438.50; that, at the time of her injury, treatment, and death, Wright was covered under a contract of insurance issued by Alfa to Wright's father and that that policy provided that Alfa would provide a medical-payment benefit of $2,000, the policy limit, for necessary medical and funeral services because of bodily injury caused by an automobile accident for covered persons, which included Wright; that South had perfected a hospital lien in the amount of $30,900.50 by filing a notice thereof on May 30, 2013, pursuant to Ala.Code 1975, § 35-11-370 et seq., with the Mobile Probate Court; that Alfa had issued a draft in the amount of $2,000 to Wright's parents for the payment of funeral expenses on July 23, 2013; that, on August 22, 2013, South had filed an amended hospital lien in the amount of $36,438.50 with the Mobile Probate Court; and that, on August 27, 2013, Alfa had issued a draft to South's counsel in the amount of $2,000, that South had not negotiated the draft, and that the draft was voided by its terms on August 27, 2014.
On August 12, 2014, South filed a motion for a summary judgment on its claims against Alfa. Alfa filed a cross-motion for a summary judgment on August 13, 2014. Following a hearing, the trial court entered a judgment on December 29, 2014, which stated:
"Upon consideration of the pleadings, Stipulation of Facts, and arguments of counsel, the Court finds it is controlled by Progressive Specialty Ins. Co. v. University of Alabama Hosp., 953 So.2d 413 (Ala.Civ.App.2006), and therefore enters Judgment in favor of [South] for the reasonable medical charges in the amount of $36,438.50 (stipulation number four). The Court additionally enters Judgment in the amount of $5,166.69 representing costs and attorney's fees based upon the conditional stipulation of [Alfa] that, should Judgment be entered in favor of [South], this is a reasonable sum for costs and attorney's fees."
Alfa timely filed its notice of appeal to this court on February 3, 2015.
Discussion
Section 35-11-370, Ala.Code 1975 ("the hospital-lien statute"), states:
"Any person, firm, hospital authority, or corporation operating a hospital in this state shall have a lien for all reasonable charges for hospital care, treatment, and maintenance of an injured person who entered such hospital within one week after receiving such injuries, upon any and all actions, claims, counterclaims, *707 and demands accruing to the person to whom such care, treatment, or maintenance was furnished, or accruing to the legal representatives of such person, and upon all judgments, settlements, and settlement agreements entered into by virtue thereof on account of injuries giving rise to such actions, claims, counterclaims, demands, judgments, settlements, or settlement agreements and which necessitated such hospital care, subject, however, to any attorney's lien."
Alfa first argues on appeal that this court should overrule its opinion in Progressive Specialty Insurance Co. v. University of Alabama Hospital, 953 So.2d 413 (Ala.Civ.App.2006), on which the trial court relied in its judgment. Specifically, Alfa asserts that the lien "should attach only to actions, claims, or counterclaims that a patient has against a tortfeasor - the person that caused the patient/insured to require hospital treatment." This court determined in Progressive, however, that the language of the hospital-lien statute "does not confine itself solely to tort claims and does not limit the right of a hospital to assert a lien on moneys realized only from tort settlements or actions." 953 So.2d at 415. Specifically, this court affirmed "that the hospital-lien statute does apply to moneys due a patient by virtue of a contractual undertaking such as an insurance policy." 953 So.2d at 416.
Alfa argues that, in Progressive, the appellant argued only that the hospital-lien statute should be construed in light of another statute that is part of the Workers' Compensation Act, § 25-5-1 et seq., Ala.Code 1975, and that the appellant did not argue that the principles of statutory construction should apply to the hospital-lien statute itself. Although this court noted in Progressive that the appellant had limited its argument to a comparison of the workers' compensation statute, this court proceeded to consider the rules of statutory construction, as well as additional authority, requiring that the hospital-lien statute was to be construed broadly by this court in reaching its decision. 953 So.2d at 414-16. Alfa argues that this court's construction in Progressive "ignores the wording of the statute as a whole" and, instead, "hinges completely on the definitions of `claim' and `demand' in isolation." This court noted in Progressive, however, that, "`"`[w]hen ascertaining legislative intent, statutes which are in pari materia ... must be interpreted as a whole in light of the general purpose of the statute.'"'" 953 So.2d at 414-15 (quoting Blackmon v. Brazil, 895 So.2d 900, 907 (Ala.2004), quoting in turn Ex parte Berryhill, 801 So.2d 7, 10 (Ala.2001), quoting in turn Kirkland v. State, 529 So.2d 1036, 1038 (Ala.Crim.App.1988)). Alfa's arguments that a reading of the statutes speaking to perfection of a hospital lien, § 35-11-371, Ala.Code 1975; release or satisfaction thereof, § 35-11-372, Ala.Code 1975; and the limitation of a hospital's right to bring an independent action to determine liability for injuries sustained by a person or firm, § 35-11-375, Ala.Code 1975, attempt to circumvent the specificity of the language used in the hospital-lien statute, which this court determined in Progressive was not confined to tort claims. Although § 35-11-371(a) requires a hospital, in order to perfect its lien, to file a verified statement identifying, among other things, the names and addresses of all persons claimed to be "liable for damages arising from" the injured person's injuries, Alfa does not explain how that requirement is mutually exclusive of payments by an insurer held by this court in Progressive to be subject to § 35-11-370. Section 35-11-371(a) goes on to state that "[t]he filing of such claim or lien shall be notice thereof to all persons, firms, or corporations liable *708 for such damages whether or not they are named in such claim or lien." "Liable" is defined as "[r]esponsible or answerable in law; legally obligated." Black's Law Dictionary 1055 (10th ed.2014). We cannot say that an insurance company is not legally obligated to make payments for damages resulting from the bodily harm of its insured. The remaining statutes cited by Alfa use language similar to that in § 35-11-370, which this court has already interpreted in Progressive.
Alfa also attacks Mitchell v. Huntsville Hospital, 598 So.2d 1358 (Ala.1992), and Guin v. Carraway Methodist Medical Center, 583 So.2d 1317 (Ala.1991), two Alabama Supreme Court cases cited as support for this court's decision in Progressive, because, it says, those cases were not directly on point. This court already noted in Progressive, however, that those cases indicated that our supreme court had "at least implicitly held that hospital liens can attach to moneys owed a patient by virtue of a contractual obligation." 953 So.2d at 415. Alfa's arguments that any reference to the hospital-lien statute in those cases was merely dicta or that the argument as to whether the hospital-lien statute was applicable to payments made by insurers was never made before our supreme court in those cases does not cast doubt on whether we appropriately cited those cases as support for our decision in Progressive. Those cases were merely instructive in reaching our decision in Progressive, and our notation regarding their implicit support properly indicated that we did not consider those decisions binding. Thus, any attack on this court's reliance on those cases does not mandate overruling our decision in Progressive.
Alfa next argues that this court should adopt the Tennessee Supreme Court's interpretation of a "nearly identical hospital lien statute" in Shelby County Health Care Corp. v. Nationwide Mutual Insurance Co., 325 S.W.3d 88, 91 (Tenn.2010). In that case, the Supreme Court of Tennessee determined that Tennessee's statutory hospital lien does not extend to payments made pursuant to the medical-payment-benefits provision of an insurance policy. 325 S.W.3d at 98. We note, however, that, in that case, the Supreme Court of Tennessee itself noted that this court's ruling in Progressive was distinguishable because, unlike Alabama's hospital-lien statute, Tennessee's hospital-lien statute contains an additional provision referring to "damages," which is not included in Alabama's statute. 325 S.W.3d at 95. Because that court distinguished its interpretation of Tennessee's hospital-lien statute from our interpretation of Alabama's hospital-lien statute in reaching its conclusion, we need not further consider that case as instructive.
Alfa further argues in a footnote that, although the Alabama Supreme Court has said that the hospital-lien statute is to be interpreted broadly, see Guin v. Carraway Methodist Med. Ctr., 583 So.2d 1317, 1319 (Ala.1991), and Ex parte University of S. Alabama, 761 So.2d 240, 244 (Ala.1999), the American Law Reports article relied on in that line of cases has been superseded by a more current American Law Reports article, see Carol A. Crocca, Construction, Operation, and Effect of Statute Giving Hospital Lien Against Recovery From Tortfeasor Causing Patient's Injuries, 16 A.L.R. 5th 262, § 2(a) (1993), which, Alfa argues, indicates that there is a split of authority as to whether hospital-lien statutes should be broadly or narrowly construed "and calls in to question the continued reliance on the former, superseded notation for suggesting a broad interpretation." This court is not bound by treatises such as the American *709 Law Reports; however, we are bound to follow the mandates of the Alabama Supreme Court, see First Alabama Bank v. Burgess, 681 So.2d 134, 136 (Ala.Civ.App. 1994), which, as Alfa has recognized, has previously concluded that the hospital-lien statute is to be interpreted broadly. Thus, this argument by Alfa is without merit.
Alfa has failed to raise any arguments on appeal that require us to reconsider our holding in Progressive. The Alabama Supreme Court noted in Ex parte Jackson, 614 So.2d 405, 408 (Ala.1993), that, if the legislature disagrees with this court's interpretation of certain statutes, "it will enact appropriate legislation to modify the statute and yield a different result in subsequent cases." Progressive was decided in 2006. The language of § 35-11-370 has remained unchanged since that time, further bolstering this court's interpretation in Progressive. We decline, therefore, to overrule Progressive at Alfa's urging in the present case.
Alfa next asks this court to rule that the Alabama Supreme Court's decision in University of South Alabama v. Progressive Insurance Co., 904 So.2d 1242 (Ala.2004), "is based on a faulty reading of the hospital lien statute's permissive language with respect to damages." In that case, our supreme court determined that the hospital-lien statute requires that a party that is found to have impaired a hospital lien, the creation of which is automatic under § 35-11-370, is responsible for the entirety of the reasonable charges as outlined by the hospital-lien statute. 904 So.2d at 1248. Alfa seeks a reversal of the trial court's ruling in the present case requiring Alfa to pay the full amount of the lien to South. As stated previously, however, this court is bound by the decisions of the Alabama Supreme Court, and we may not overrule that court's decisions. See First Alabama Bank v. Burgess, supra. Thus, this argument by Alfa is without merit because we are bound to follow University of South Alabama v. Progressive, which requires affirmance of the trial court's judgment in this case requiring Alfa to pay the full amount of the hospital lien to South.
Alfa next argues that the trial court erred in failing to conclude that South failed to mitigate damages following Alfa's offer of payment of its funeral-benefit-policy limits to South before South commenced the present action. Alfa cites Avco Financial Services, Inc. v. Ramsey, 631 So.2d 940, 942-43 (Ala.1994), which states, in pertinent part:
"We begin our analysis by recognizing the longstanding rule that the law imposes upon all parties who seek recompense from another a duty to mitigate their losses or damages. Aetna Life Insurance Co. v. Lavoie, 470 So.2d 1060 (Ala.1984). It is equally well established that a plaintiff can recover only for that damage or loss that would have been sustained if the plaintiff had exercised such care as a reasonably prudent person would have exercised under like circumstances to mitigate the damage or loss (Equilease Corp. v. McKinney, 52 Ala.App. 109, 289 So.2d 809 (1974)); and whether the plaintiff has sufficiently mitigated the damages, generally speaking, is a question of fact. Carnival Cruise Lines, Inc. v. Goodin, 535 So.2d 98 (Ala. 1988).
"Stated otherwise, the injured or damaged party is legally bound to lessen the recoverable damages so far as is practicable by the use of ordinary care and diligence. Thus, the rule of mitigation requires a party suffering injury, damage, or loss to take reasonable steps to reduce it.
"The rule of mitigation finds its application only in the context of evidence *710 from which the factfinder may reasonably infer that the claimant rejected a reasonable course of action that an ordinarily prudent person would have taken under similar circumstances to minimize the injury, damage, or loss. In other words, the party seeking to invoke the rule must meet a threshold `sufficiency of the evidence' test, lest the issue be resolved against the movant as a matter of law. The rule does not apply where the injured party, in an effort to minimize the loss, would be required to incur considerable personal risk or expense with but a slight chance of an alternative recovery. Id."
South argues on appeal that acceptance of the offer of payment in the amount of $2,000 by Alfa would have created waiver and estoppel arguments to any action by South against Alfa, which, South argues, would have created an unnecessary risk of extra expenses in responding to those arguments. We agree that those considerations could require additional risk and expense by South, therefore we hold, as a matter of law, that requiring South to have accepted Alfa's offer of $2,000 as mitigation would constitute an unreasonable prerequisite to South's right to proceed against Alfa. See Ramsey, 631 So.2d at 943.
We note further that Alfa fails, in contravention of Rule 28(a)(10), Ala. R.App. P., to cite any authority indicating that South was required to mitigate its statutorily defined damages. See § 35-11-372 and University of S. Alabama v. Progressive, supra. Moreover, § 35-11-372 provides, in pertinent part, that, following the perfection of a hospital lien, "no release or satisfaction of any action, claim, counterclaim, demand, judgment, settlement, or settlement agreement, or of any of them, shall be valid or effectual as against such lien unless such lienholder shall join therein or execute a release of such lien." In the present case, South declined to execute a release of its lien in order to accept Alfa's offer of $2,000 toward the purported mitigation of South's damages for Alfa's impairment of its lien. In accordance with § 35-11-372, we decline to hold that South was required to accept that amount in order to mitigate its damages because the statute allows for South to exercise discretion as to whether to accept a release of its lien for any reason. Thus, Alfa's assertion that South was required to mitigate its damages is without merit.
Alfa last argues that the trial court erred in entering a judgment based upon the amount of South's amended lien, rather than the amount of the lien that had been perfected at the time of Alfa's alleged impairment of the lien. South attached to its complaint copies of a hospital lien filed on May 30, 2013, in the amount of $30,900.50, and of an amended hospital lien filed on August 22, 2013, in the amount of $36,438.50; the parties stipulated to those dates and amounts in their stipulation of facts. The parties also stipulated that Alfa had issued a draft in the amount of $2,000 to Wright's parents on July 23, 2013.
Section 35-11-372 provides, in pertinent part, that, "[d]uring the period of time allowed by Section 35-11-371 for perfecting the lien ... and also after the lien ... has been perfected," any impairment of such lien entitles the lienholder to recover "the reasonable cost of such hospital care, treatment and maintenance." Section 35-11-371(a) provides that, in order to perfect the hospital lien, it shall be filed "before or within 10 days after such person shall have been discharged" and the filing of the lien "shall be notice thereof to all persons, firms, or corporations liable for such damages whether or not they are named in such claim or lien." The parties stipulated that Wright died on May 21, 2013. Thus, in accordance with § 35-11-371(a), in order for the hospital lien to be perfected, it *711 was required to have been filed by May 31, 2013.
In Ex parte Infinity Southern Insurance Co., 737 So.2d 463, 466 (Ala.1999), cited by Alfa, our supreme court noted the importance of the time of filing with regard to the applicability of § 35-11-372. Specifically, the supreme court stated:
"[T]he hospital has an automatic lien for its reasonable charges, against the patient's actions and claims. § 35-11-370. Upon perfection of the lien in the manner provided in § 35-11-371, the hospital's lien is protected, pursuant to § 35-11-372, from impairment by one settling an action or claim without obtaining a release or satisfaction of the lien. If the patient settles with the tortfeasor and the hospital has failed to perfect its lien, the hospital's only remedy is against the patient. If the patient settles with the tortfeasor after the lien has been perfected, the hospital has a remedy against both the tortfeasor and the tortfeasor's insurer for impairing the lien, pursuant to § 35-11-372."
737 So.2d at 466.
South cites Board of Trustees of University of Alabama ex rel. University of Alabama Hospital v. American Resources Insurance Co., 5 So.3d 521, 531 (Ala.2008), for the proposition that, "where there is actual knowledge or where actual notice is given, constructive notice is not required" to enforce a hospital lien. There is no indication in the record on appeal, however, that Alfa had actual knowledge of the amended hospital lien or its amount when it tendered the check for $2,000 to Wright's parents on July 23, 2013. Although, in accordance with the hospital-lien statute, South had an automatic lien for its reasonable charges, South did not perfect its amended lien, providing notice to third parties, until after Alfa's impairment of the lien. Because § 35-11-372 allows for recovery only following the perfection of the lien or during the time that perfection is allowed by § 35-11-371(a), and because South's amended lien was untimely filed, Alfa could not be considered to have been on notice of the amount filed in the amended lien and South was not entitled to recovery of the amount of the amended lien, pursuant to § 35-11-372.
South argues that the trial court entered its judgment based on the parties' stipulation that South had incurred reasonable charges for necessary care, treatment, and maintenance totaling $36,438.50. Indeed, the trial court's judgment cites that stipulation in its judgment. That stipulation does not indicate, however, that, at the time of Alfa's payment of $2,000 to Wright's family, Alfa was on notice as to that amount for reasonable medical charges. Because South was not entitled to the amount stated in its amended lien but, rather, was entitled only to the amount in its May 30, 2013, lien, which was properly perfected, we reverse the trial court's judgment awarding the amount stated in the amended lien and remand the case with instructions to the trial court to enter a judgment modifying its award for reasonable medical charges to the amount stated in South's perfected lien.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
PITTMAN, THOMAS, and DONALDSON, JJ., concur.
THOMPSON, P.J., concurs specially.
THOMPSON, Presiding Judge, concurring specially.
Under the circumstances of this case, I believe that requiring Alfa Mutual Insurance Company ("Alfa") to pay the entire amount of the medical bill Abaney T. Wright incurred at the University of South Alabama d/b/a University of South Alabama Medical Center Hospital ("USA") is unduly harsh. Without prompting from *712 USA, Alfa attempted to rectify its error of directly paying Wright's parents $2,000 - an amount equaling the limits of the "medical and funeral expenses" coverage provided under the Wrights' automobile-insurance policy covering Abaney - by tendering to USA a draft in the amount of $2,000 approximately one month after making the payment to the Wrights. Nonetheless, because Alfa had already "impaired" USA's hospital lien, USA did not negotiate the draft, and Alfa became liable for the entire bill of $30,900.50.
I do not believe that the legislature intended such an inequitable result when it enacted §§ 35-11-370 and -372, Ala.Code 1975. However, based on the arguments Alfa advanced in the trial court and on appeal, as well as the current caselaw, especially the opinions from our supreme court, the holdings of which this court cannot alter, I am compelled to agree with the disposition of this case.