*713 MURDOCK, Justice.
Alfa Mutual Insurance Company ("Alfa") appealed to the Alabama Court of Civil Appeals from a summary judgment in favor of University of South Alabama d/b/a/University of South Alabama Medical Center Hospital ("USA"). The Court of Civil Appeals affirmed in part, reversed in part, and remanded with instructions. Alfa *714 Mut. Ins. Co. v. University of S. Alabama, 241 So.3d 705 (Ala. Civ. App. 2015) ("Alfa"). We granted Alfa's petition for a writ of certiorari with respect to the issue whether USA's hospital lien was impaired and the amount of damages recoverable by USA from Alfa for that impairment. For the reasons set forth below, we reverse the judgment of the Court of Civil Appeals insofar as it affirmed the circuit court's ruling that the amount of damages recoverable from Alfa was an amount equal to the entirety of USA's reasonable charges, irrespective of the amount that was otherwise owed by Alfa under the terms of its policy, and we remand the case for further proceedings.
I. Facts and Procedural History
USA filed a complaint against Alfa alleging impairment of its hospital lien imposed pursuant to Ala. Code 1975, §§ 35-11-370 through -372, with respect to expenses incurred by USA in its treatment of Abaney T. Wright, who was injured in an automobile accident less than one week before her admission to USA's hospital and later died as a result of her injuries. USA alleged that Alfa impaired its lien by making a $2,000 payment to Wright's parents for funeral expenses under a medical-payment-benefit provision in the parents' automobile-insurance policy.[1] Approximately one month later, Alfa issued a draft to USA's counsel in the amount of $2,000; USA did not negotiate the draft.
The case was tried on stipulated facts, briefs, and arguments of counsel. The circuit court entered a summary judgment in favor of USA in the amount of its amended lien, $36,438.50, plus attorney fees in the amount of $5,166.69. That is, the circuit court awarded damages based on the entirety of the hospital's charges, without respect to the amount otherwise owed by Alfa under its policy. Alfa appealed to the Court of Civil Appeals.
On appeal, Alfa argued (1) that the hospital lien attached only to tort claims and not to the contract claim at issue here,[2] (2) that USA's lien was not impaired because there had been no release, satisfaction, or settlement of any covered claim, and (3) that the damages awarded against Alfa are not owed by it under a proper reading of the lien-impairment statute. Alfa did not challenge the perfection of the lien, the reasonableness of USA's charges, or the amount of the attorney-fee award (assuming that attorney fees were payable at all).
The Court of Civil Appeals issued an opinion affirming the judgment in part, specifically concluding that, under the rationale of University of South Alabama v. Progressive Insurance Co., 904 So.2d 1242 (Ala. 2004), the circuit court correctly ruled that the amount of damages awarded against Alfa should be based on the entirety of USA's reasonable charges secured by its perfected lien.[3] Presiding Judge *715 Thompson concurred specially, noting that the result was inequitable and not intended by the legislature when it enacted §§ 35-11-370 through -372 but concluding that he was "compelled" by caselaw to agree with the disposition of the case. Alfa, 241 So. 3d at 712 (Thompson, P.J., concurring specially).
Alfa petitioned this Court for a writ of certiorari. We granted the petition for a writ of certiorari with respect to the issue whether USA's lien was impaired and the proper measure of damages.
II. Standard of Review
Our standard of review on an appeal of a summary judgment is well settled.
"`"We review a summary judgment de novo. We apply the same standard of review as the trial court in determining whether the evidence presented to the trial court demonstrated the existence of a genuine issue of material fact. A summary judgment is proper where `the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'"'"
Tanner v. State Farm Fire & Cas. Co., 874 So.2d 1058, 1063 (Ala. 2003) (quoting Slay v. Keller Indus., Inc., 823 So.2d 623, 624-25 (Ala. 2001) (citations omitted), quoting in turn Northwest Florida Truss, Inc. v. Baldwin Cty. Comm'n, 782 So.2d 274, 276 (Ala. 2000)).
III. Analysis
The pertinent statutes are Ala. Code 1975, §§ 35-11-370 through -372. Section 35-11-370 governs the creation of a hospital lien and provides:
"Any person, firm, hospital authority, or corporation operating a hospital in this state shall have a lien for all reasonable charges for hospital care, treatment, and maintenance of an injured person who entered such hospital within one week after receiving such injuries, upon any and all actions, claims, counterclaims, and demands accruing to the person to whom such care, treatment, or maintenance was furnished, or accruing to the legal representatives of such person, and upon all judgments, settlements, and settlement agreements entered into by virtue thereof on account of injuries giving rise to such actions, claims, counterclaims, demands, judgments, settlements, or settlement agreements and which necessitated such hospital care, subject, however, to any attorney's lien."
(Emphasis added.)
Section 35-11-372 addresses the impairment of a hospital lien and provides:
"During the period of time allowed by Section 35-11-371 for perfecting the lien provided for by this division and also after the lien provided for by this division has been perfected, as provided in this division, by any lienholder entitled thereto, no release or satisfaction of any action, claim, counterclaim, demand, judgment, settlement, or settlement agreement, or of any of them, shall be valid or effectual as against such lien unless such lienholder shall join therein or execute a release of such lien.
"Any acceptance of a release or satisfaction of any such action, claim, counterclaim, demand or judgment and any settlement of any of the foregoing in the absence of a release or satisfaction of the lien referred to in this division shall prima facie constitute an impairment of such lien, and the lienholder shall be entitled to a civil action for damages on account of such impairment, and in such *716 action may recover from the one accepting such release or satisfaction or making such settlement the reasonable cost of such hospital care, treatment and maintenance. Satisfaction of any judgment rendered in favor of the lienholder in any such action shall operate as a satisfaction of the lien. Any action by the lienholder shall be brought in any court having jurisdiction thereof and may be brought and maintained in the county wherein the lienholder has his, its, or their residence or place of business. If the lienholder shall prevail in such action, the lienholder shall be entitled to recover from the defendant, costs and reasonable attorney's fees. Such action shall be commenced against the person liable for such damages within one year after the date such liability shall be finally determined by a settlement release covenant not to sue or by the judgment of a court of competent jurisdiction."
(Emphasis added.)
Section 35-11-370 grants hospitals a lien on certain actions, claims, counterclaims, demands, judgments, and settlements for the reasonable expenses of treating certain patients injured in accidents. Section 35-11-372 entitles a hospital lienholder "to a civil action for damages on account of" an impairment of a lien.
Like the circuit court, the Court of Civil Appeals considered itself bound by Progressive, and it held that USA was entitled to damages in the amount of its lien, plus attorney fees. We take this opportunity to revisit the holding of Progressive.
In Progressive, a hospital claimed that its lien was impaired by a settlement between the patient and a tortfeasor, in which the patient was paid $6,000 in exchange for a full release of the claims against the tortfeasor. After concluding that the tortfeasor's liability insurer did not adequately present its argument that the hospital lien had not been impaired, this Court rejected the argument that the amount of damages for impairment of a hospital lien is limited to the payment made by the insurer to obtain the release of the tortfeasor. This Court stated:
"To answer this question [as to the amount of damages], we need look no farther than the plain language of § 35-11-372. There, the Legislature plainly and unambiguously stated that a lienholder, such as [the hospital], in a case such as this, `may recover from the one accepting [the] release [i.e., the insurer]... the reasonable cost of [the] hospital care, treatment and maintenance [of the injured person].' The statute clearly does not limit the damages to the amount of the consideration paid for the release. Indeed, such a limitation would be contrary to the purpose of the hospital-lien statute, that is, `to give hospitals... an automatic lien for the reasonable value of their services.' Ex parte Infinity Southern Ins. Co., 737 So.2d 463, 464 (Ala. 1999). Thus, we agree with [the hospital] that the trial court erred in interpreting the hospital-lien statute as limiting [its] damages to the amount of the settlement between Progressive and [the patient]. Having determined that Progressive had impaired [the hospital's] lien, the trial court was required to enter a judgment for [the hospital] against Progressive `for all reasonable charges,' which, in this case, the trial court found totaled $57,097.
"Although § 35-11-372 deals specifically with the damages recoverable in an action for the impairment of a hospital lien, Progressive argues that `[t]he plain language of § 35-11-370, [which gives the hospital the lien,] dictates that ... Progressive is only liable to [the hospital] for the amount of its settlement agreement.' Progressive's brief, at 17.
*717 However, § 35-11-370 contains no such `plain language.' Instead, it gives the hospital an automatic lien `for all reasonable charges for hospital care, treatment and maintenance of an injured person,' which, in this case, totaled $57,097. By its plain language, which this Court cannot ignore, § 35-11-372 provides that a party, such as Progressive, that is found to have impaired a lien, is responsible for those reasonable charges, not for some lesser amount. Any other interpretation would be contrary to `this Court's recognition that the statute is to be construed broadly to accomplish its purpose.' Ex parte University of South Alabama, 761 So.2d [240] at 245 [(Ala. 1999)] (emphasis added)."
904 So.2d at 1248-49.
Chief Justice Nabers dissented as to the amount of damages, concluding that the hospital was entitled to be made whole and to seek the fair value of the claim against the wrongly released tortfeasor, but was not automatically entitled to the full amount of its lien. Chief Justice Nabers stated:
"I dissent ... from the main opinion's conclusion that [the hospital] is entitled to recover from Progressive the reasonable value of all services rendered by the hospital to Clarence Bell as a result of the May 14, 2002, accident - $57,097 - without any regard to the amount of Progressive's obligation to indemnify its insured.
"Section 35-11-372, Ala. Code 1975, provides that, in a case such as this, a hospital `may recover from the one accepting such [a] release ... the reasonable cost of [the] hospital care, treatment and maintenance the hospital provided the injured party. (Emphasis added.) Importantly, the Legislature did not state that a hospital `shall be entitled to recover' such damages. The Legislature did say, however, in that same statute, that `[i]f the lienholder shall prevail in [a civil] action [for damages], the lienholder shall be entitled to recover from the defendant, costs and reasonable attorney's fees.' (Emphasis added.) I think it only reasonable to conclude that the Legislature intended a difference when it used `may recover' with respect to the recovery by the lienholder-hospital of costs for services and `shall be entitled to recover' with respect to litigation costs and attorney fees. The majority opinion, in effect, concludes that the Legislature intended no such difference.
"However, while I think this difference is clear, I acknowledge that the Legislature did not clarify under what circumstances a hospital `may recover' all reasonable costs. When interpreting a statute that is ambiguous on its face, this Court seeks a result that is `workable and fair' and one that considers `the intent of the legislature,' `the results that flow from assigning one meaning over another,' and `related statutory provisions.' John Deere Co. v. Gamble, 523 So.2d 95, 100 (Ala. 1988). My consideration of all of these factors leads me to conclude that a hospital `may recover' the reasonable cost of all services only if the lien that was impaired had a value equal to or greater than such reasonable cost."
Progressive, 904 So.2d at 1249-50 (Nabers, C.J., concurring in part and dissenting in part).
We agree with Chief Justice Nabers that a hospital is not entitled to recover automatically the full amount of its lien whenever there has been an impairment of any magnitude. As Chief Justice Nabers noted in Progressive: "[I]t is appropriate that [the hospital] be restored to the position *718 it would have been in had its lien not been impaired." 904 So.2d at 1250. That conclusion is consistent with § 35-11-372, which provides for "a civil action for damages on account of such impairment." Damages on account of an impairment means damages caused by or resulting from the impairment. See Shands Teaching Hosp. & Clinics, Inc. v. Mercury Ins. Co. of Florida, 97 So.3d 204, 213 (Fla. 2012) (noting that "damages on account of such impairment" means damages "by reason of" or "because of" an impairment). That is to say that damages on account of an impairment are measured by the difference between the amount the hospital actually recovered and the amount it could have recovered absent the impairment. That result is equitable and comports with the purpose of the lien statute. Awarding a hospital a windfall for a minor impairment is not equitable and does not comport with the purpose of the statute.
In the present case, the value of the claim to which the lien attached was the policy limit of the medical-payment benefit at issue, or $2,000. Logically, in a case such as this, the value of the lien could not be more than the value of the claim to which it attaches. In contrast, Progressive involved a release of a tortfeasor, which, unlike an insurer whose potential liability is limited pursuant to a pre-injury contract, could potentially be liable for an amount that equals or exceeds the full amount of the hospital's lien (assuming that liability for at least that amount can be shown). Compare Shands Teaching Hosp. & Clinics, Inc., 97 So.3d at 213 (holding that hospital's damages for impairment of its lien were limited to the policy limits of the applicable liability insurance). See also 41 C.J.S. Hospitals § 25 (2015) (damages for impairment of hospital lien are limited to the policy limits of liability-insurance coverage). Accordingly, we conclude that the amount of damages recoverable in this case (assuming there was an impairment), is the amount of the claim against Alfa - $2,000.
The purpose of the lien statute is to induce hospitals to "receive a patient injured in an accident, without first considering whether the patient will be able to pay the medical bills incurred." Ex parte University of South Alabama, 761 So.2d 240, 244 (Ala. 1999). The purpose of the statute is not to precipitate additional litigation, provide a windfall for hospitals, or saddle insurers with uncontracted-for liability in the event they pay a policy benefit that happens to be subject to a hospital lien.
IV. Conclusion
Based on the foregoing, we reverse the judgment of the Court of Civil Appeals insofar as it affirmed an award of damages against Alfa based on the full amount of USA's lien. We remand the case for further proceedings consistent with this opinion. In light of our holding that the measure of impairment of a hospital's lien under circumstances such as those presented here does not exceed the amount that would be recoverable against an insurer under the terms of its policy, we pretermit discussion of the issue whether Alfa's actions (including its making a payment to Wright's parents of its policy limits and its subsequent tender of the same amount to USA) amounted to an impairment of USA's lien within the meaning of the statute (an issue that was not considered by the circuit court, given its understanding of the measure of damages for which Alfa was responsible).
REVERSED AND REMANDED.
Parker, Main, and Wise, JJ., concur.
*719 Bolin and Shaw, JJ., concur in the result.
Stuart, C.J., recuses herself.

The insurance policy provided for a medical-payment benefit of $2,000 for necessary medical and/or funeral expenses because of bodily injury to a covered person caused by an automobile accident.

We did not grant certiorari review as to this first issue. See Progressive Specialty Ins. Co. v. University of Alabama Hosp. , (Ala. Civ. App. 2006).

The Court of Civil Appeals reversed the judgment insofar as it increased those damages to include additional amounts charged by USA in a subsequent lien perfected before the alleged impairment. The Court of Civil Appeals held that USA was entitled to recover only the amount of its original lien ($30,900.50), which was the only lien perfected at the time Alfa made the payment to Wright's parents. USA did not seek certiorari review as to the amount of the lien; the difference between the two lien amounts is not material to the analysis in this opinion.